JOHN KAPELLA, ET AL

*v.*

STATE OF ILLINOIS.

*Opinion filed April 26, 1921.*

GOVERNMENTAL FUNCTION—*State not liable for injuries received by an inmate of its institutions.* The State in conducting the St. Charles School for Boys exercises a governmental function and is not liable for injuries sustained by an inmate thereof.

EMPLOYER AND EMPLOYEE—*when relation does not exist.* The relation of employer and employee does not exist between the State and an inmate of its institution.

PUBLIC WELFARE AND SOCIAL JUSTICE—*when award will be made.* Although no elgal liability exist against the State, the Court in the interest of social justice and the public welfare recommends to the Legislature an appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

John Kapella, a minor, sixteen years of age, while an inmate of the St. Charles School for Boys, in this State, was injured by the falling or giving way of an old boiler, where this boy and several others were at work, under the directions and supervision of the officers of said institution. His right leg was broken and badly crushed, necessitating surgical operation and detention in the hospital many months.

The injury, as appears from the indisputed evidence, is permanent and the boy is compelled to use a cane or crutch in moving around. He and his parents are in destitute circumstances, and no other relative legally bound for his support.

The injuries to a very great extent interfere with his ability to perform manual labor.

The boy was not in the employment of the State. He was an inmate of one of the State's charitable institutions to-wit: Home for delinquent boys, and all care and treatment he there received, was free; and the relation of employer and employee between the State and him did not exist, and the case would not fall under the law of the "Workmens Compensation Act," and we know of no other law under which he, from the statement of the case, would be entitled to recover.

But, in view of the fact that injured party was a boy of tender years, and in this school to secure the aid of the State in procuring honorable employment, and improving his usefulness as a citizen, we have decided that in the interest of the public welfare and social justice, the claimant should be to some extent reimbursed for his injuries and permanent inability to earn a living.

We therefore recommend that the Legislature appropriate for the use of John Kapello, the sum of three thousand dollars to be paid of his legal guardian.